IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| EDWARD M. CORNETT, | |
| Plaintiff, | **MEMORANDUM OPINION** |
| | Civil Action No.1:05cv00101 |
| v. | |
| SHERIFF JACK WEISENBURGER, et al., | By: GLEN M. WILLIAMS |
| | Senior United States District |
| Defendants. | Judge |

The plaintiff, Edward M. Cornett, brought this action against the defendants, Jack Weisenburger, the sheriff of Bristol, Virginia, and six Sheriff's Department employees. These six employees, who are identified only as John Does I-VI, worked at the Bristol City Jail, in Bristol, Virginia, during Cornett's incarceration and, along with the sheriff, are accused of violations of 42 U.S.C. § 1983 occurring on November 7, 2003. This court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

*I. Procedural History*

This case came before the court based on the Defendant's Motion to Dismiss, (Docket Item No. 9), ("Motion"), filed on February 6, 2006, and the plaintiff's response to the Motion, (Docket Item No. 11), ("Plaintiff's Brief"), filed February 27, 2006. By order of the Honorable Glen M. Williams, Senior United States District

-1-

Case 1:05-cv-00101-GMW-PMS  Document 22  Filed 09/21/06  Page 1 of 16  Pageid#: 67

Judge, the matter was referred to United States Magistrate Judge Pamela Meade Sargent pursuant to 28 U.S.C. § 636(b)(1)(B), (Docket Item No. 10), and it was heard before the Magistrate Judge on March 24, 2006. Pursuant to the order of referral, Judge Sargent submitted a Report and Recommendation, (Docket Item No. 16), on June 26, 2006, recommending that the defendants' motion to dismiss be granted based on untimely filing by the plaintiff. On July 5, 2006, the plaintiff timely filed objections to the Judge Sargent's Report and Recommendation. This case is now before the court on the plaintiff's objections to the Report and Recommendation of Judge Sargent, (Docket Item No. 17), ("Plaintiff's Objections"), submitted July 5, 2006, and the defendant's response to the objection to the motion the Report and Recommendation, (Docket Item No. 19), filed July 10, 2006. The principal issue before the court is whether or not a lawsuit in this case was legally filed within the statute of limitations period. In reviewing the Report and Recommendation of Judge Sargent, this court reviews the record *de novo* pursuant to Federal Rule of Civil Procedure 72(b). The court now finds that Cornett's complaint was timely filed.

## *II. Factual Background*

For the purpose of the court's consideration of this motion, the facts alleged in the Plaintiff's Brief have been agreed to by both parties. Cornett's counsel stated that they attempted to file Cornett's complaint electronically on November 7, 2005, but could not because the attorney had not been authorized to conduct credit card transactions with the court. As a result, counsel contacted the Clerk's Office in the Big Stone Gap Division of the Western District of Virginia and sent a copy of the complaint to the Clerk's Office via facsimile, also on November 7, 2005.

The following day, November 8, 2005, the clerk of the Big Stone Gap Division notified the plaintiff's counsel that she was returning the complaint because the filing fee did not accompany the complaint as required by the Western District's Administrative Procedures for Electronic Filing, Signing and Verifying Pleadings and Papers by Electronic Means, ("Administrative Procedures").

According to plaintiff's counsel, it was counsel's belief that he had a valid credit card on file with the Clerk's Office that would facilitate payment of any fees associated with the filing of complaints. However, the plaintiff's counsel did not have a current credit card authorization on file. As a result, the filing fee was not paid until counsel was notified of the mistake on November 8, 2005. Upon notification, plaintiff's counsel promptly paid the filing fee. The fee was received, and the complaint was deemed filed by the Clerk's Office of the United States District Court for the Western District of Virginia on November 8, 2005, one day after the two-year Virginia personal injury statute of limitations period had elapsed.

The court will take judicial notice of its own records in this case. These records indicate that while the filing fee for Cornett's complaint was paid on November 8, 2005, the complaint itself was actually received by the clerk's office on November 7, 2005. Using his password and account set up to file electronically with the Western District of Virginia, plaintiff's counsel submitted Cornett's complaint to the clerk's automated CM/ECF system and it was received on November 7, 2005.

The complaint was transmitted to case number 2:05at99999, which was designated by the Administrative Procedures, as the repository for electronically filed

-3-

Case 1:05-cv-00101-GMW-PMS   Document 22   Filed 09/21/06   Page 3 of 16   Pageid#: 69

case-opening documents in the Big Stone Gap Division for the year 2005.[1] Filing electronically through the CM/ECF system requires the use of a password, which must be obtained in advance of filing. Pursuant to the Administrative Procedures, filing electronically using this password satisfies the Rule 11 signature requirements.[2] Because the complaint was already electronically signed and filed in the CM/ECF system all that was needed for the clerk to treat the complaint as filed was the payment of the filing fee, which was tendered on November 8, 2005.

### III. Analysis

This case is before the court on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court should accept as true all well-plead allegations and view the complaint in the light most favorable to the plaintiff. *See De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 412 (1969)). However, the procedural issue currently before the court does not have to do with the facts alleged within the compliant, but instead it deals with the facts surrounding the filing of Cornett's complaint alleged

---

[1] This case was submitted to the Big Stone Gap Division. The Abingdon Division was notified by the Big Stone Gap Clerk's Office that this case had been filed with them but it was actually an Abingdon case. As a result, the Abingdon Division Clerk's Office retrieved the file from the CM/ECF system and assigned it a proper case number in Abingdon.

[2] The Report and Recommendation by Judge Sargent stated that there may be an issue based on the apparent lack of a valid signature on Cornett's complaint. However, the lack of a signature is not an issue in this case. Based on the court's record of filings made to CM/ECF case number 2:05at99999, it is clear that the complaint was actually electronically filed and received by the clerk's office on November 7, 2005, using an electronic signature. An electronic signature through the CM/ECF system is a valid signature for Rule 11 purposes in this district. Therefore, the filing in this case was properly signed.

-4-

in the Plaintiff's Brief and the Plaintiff's Objections. In this case, the parties agreed, in their hearing before Judge Sargent, not to contest the facts presented by the plaintiff regarding this motion.

There is no federal statute of limitations period for an action brought under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261, 266 (1985). Instead, the statute of limitations period is taken from the applicable state law statute of limitations for personal injury in the state where the alleged wrong occurred. *See Owens v. Okure*, 488 U.S. 235, 239-40 (1989). The alleged attack on Cornett occurred in Bristol, Virginia. Therefore, Virginia's two-year statute of limitations period for personal injury claims is applicable. *See* VA. CODE ANN. § 8.01-243 (2000 Repl. Vol.).

However, "[w]hile the time limitation itself is borrowed from state law, the federal rule fixes the time of accrual of a right of action" in a § 1983 case. *Bireline v. Seagondollar*, 567 F.2d 260, 263 (4th Cir. 1977), *cert. denied*, 444 U.S. 842 (1979); *Buntin v. Board of Trustees*, 548 F.Supp. 657, 660 (W.D.Va. 1983). Federal Rule of Civil Procedure 6(a) establishes that in the computation of any time period based on any applicable statute, "the day of the act, event, or default from which the designated period of time begins to run shall *not* be included." (Emphasis added). Additionally, the last day of the calculated time period is included within the time period. *See* FED. R. CIV. P. 6(a). Rule 6(a) is applicable to the calculation of statute of limitations periods for an action brought under § 1983 and Virginia law. *See Bulls v. Holmes*, 403 F.Supp. 475 (E.D.Va. 1975); *cf. Paynter v. Chesapeake & Ohio Railway*, 60 F.R.D. 153 (W.D.Va. 1973).

Case 1:05-cv-00101-GMW-PMS   Document 22   Filed 09/21/06   Page 5 of 16   Pageid#: 71

Cornett alleges that he was attacked on November 7, 2003, at which time he knew of the injury forming the basis of his complaint. The Virginia statute of limitations period for personal injury is two years and, under Virginia law, it would have started to run on November 7, 2003. However, for a § 1983 action, the statutory time period is borrowed from state law, while the accrual is governed by federal rules. Based on the Federal Rule of Civil Procedure 6(a), the two-year statute of limitations period would begin to run November 8, 2003, the day after Cornett was allegedly attacked. Cornett's attorney attempted to file on November 7, 2005. Due to the mistaken belief that the attorney had a credit card on file with the clerk's office to facilitate the payment of applicable filing fees, Cornett's complaint was not considered filed by the clerk until the payment error was resolved on November 8, 2005.

To be considered timely filed, based on the Virginia time period for personal injury cases in conjunction with the federal rule on accrual of time periods, this action could have been timely filed up to and including November 8, 2005. Therefore, Cornett's complaint was timely filed under the applicable two-year statute of limitations, and the motion to dismiss this complaint will be denied.

If this case had actually been filed one day after the expiration of the statutory filing period, as argued, I also would have allowed it to be treated as timely filed. The peculiar facts of this case cry out for a liberal interpretation of the rules. The plaintiff is in prison. Thus, he is subject to all the handicaps of a prisoner attempting to file a claim. He employed an attorney who appears to have acted under a mistaken belief that he had a credit card authorization on file with the Clerk's Office that would

-6-

Case 1:05-cv-00101-GMW-PMS   Document 22   Filed 09/21/06   Page 6 of 16   Pageid#: 72

pay any necessary filing fees. While there is not an affidavit to this effect, this court relies on the credibility of attorneys, as agents of the court, to properly represent the facts to the court. As a result, this already disadvantaged plaintiff should be allowed the benefit of the leniency intended within the Federal Rules of Civil Procedure.

The United States Supreme Court, in *Parissi v. Telechron*, 349 U.S. 46 (1955), the Court's only opinion on the issue of whether a document filed without the required fee can be accepted as timely, demonstrated a willingness of the Court to provide leniency in a situation similar to the case at hand. In *Parissi*, an attorney "inadvertently" forgot to include the filing fee required by a federal statute to be "paid 'upon the filing' of a notice of appeal." *Parissi*, 349 U.S. at 46. It appears, in *Parissi*, that plaintiff's counsel was notified and immediately paid the fee; however, the case was treated as filed upon the date of receipt of the fee, not the date of the actual filing. The Supreme Court held that, in this situation, the inadvertent mistake of not including the fee with the filing did not vitiate the notice of appeal. *Parissi*, 349 U.S. at 47. The Court further held that contrary cases, which had held that payment of a filing fee was a jurisdictional requirement, were overruled. *See Parissi*, 349 U.S. at 47 (overruling *Mondakota Gas Co. v. Montana-Dakota Utilities Co.*, 194 F.2d 705 (9th Cir. 1952) and any similar cases). As will be discussed below, the Federal Rules of Civil Procedure allow for similar judicial discretion in cases where an inadvertent mistake is made.

The issue in the case before the court today is not whether a local rule applies to distinguish the Supreme Court's holding in *Parissi* and subsequent Fourth Circuit

cases,[3] but whether a judge retains the discretion exemplified by *Parissi* and expressly provided for in Federal Rules of Civil Procedure to depart from local rules in favor of the Federal Rules. I do not believe that a recent change in the local rules of this court, enacted based on the Federal Rules of Civil Procedure, should be used to dismiss a complaint that was duly filed in accordance with the Federal Rules. Furthermore, I am of the opinion that at no time should a local rule destroy the intention of the Federal Rules of Civil Procedure, which liberalize the use of the courts to settle disputes on the merits. *See Holley Coal Co. v. Globe Indemnity Co.*, 186 F.2d 291, 295 (4th Cir. 1950). Local rules should not be given the material stature that is given jurisdictional requirements, which if not followed exactly can prove fatal to a litigant's claim.[4]

Federal Rule of Civil Procedure 3 states that "a civil action is commenced by filing a complaint with the court." However, the Advisory Committee Notes to Rule

---

[3] In two unpublished opinions, *Hunt v. Stone*, 39 F.3d 1177, 1994 WL 633379 (4th Cir. 1994), and *Robinson v. Yellow Freight Sys.*, 892 F.2d 74, 1989 WL 152510 (4th Cir. 1989), the Fourth Circuit held that, for statute of limitations purposes, a complaint should be deemed filed on the date the district court received it.

[4] The Supreme Court, in *Parissi*, held that filing fees required by 28 U.S.C. § 1917 were not jurisdictional. 349 U.S. 46-47. Judge Sargent has noted that a different section of the United States Code, 28 U.S.C. § 1914, provides district courts with the ability to enact local rules or standing orders to require the advanced payment of fees. However, this code section was not evoked as authorization of the Administrative Procedures in this district. Instead the Administrative Procedures were enacted based only on the authorization of the Federal Rules of Civil Procedure. The *Parissi* case was based on a statutory requirement to pay a filing fee, whereas the case at hand is based merely on a local administrative procedure of the court. Local rules made pursuant to the Federal Rules of Civil Procedure obviously do not receive the same deference given to an act of Congress. The mere local Administrative Procedures of this court cannot trump the rationale of both the Supreme Court and the Fourth Circuit that fees are not a jurisdictional requirements. If an act of Congress requiring a filing fee be paid is not jurisdictional, a mere administrative procedure of a district court certainly cannot be either.

-8-

3 indicate that Rule 5(e) defines what constitutes "filing." There is no statement in the Federal Rules that requires a fee to be paid before a complaint can be considered filed. However, the Federal Rules do provide an extensive framework of filing procedures that must be used, as well as procedures that may be allowed by inferior local rules.

The Administrative Procedures at issue in this case establish the procedures for filing documents with the court electronically. These local rules were enacted pursuant to a standing order of the court issued on February 2, 2004, which states: "Federal Rules of Civil Procedure 5 and 83 and Federal Rule of Civil Procedure 57 authorize courts to establish practices and procedures for the filing, signing, and verification of documents by electronic means." W.D. Va. Standing Order, In Re: Procedural Rules For Electronic Case Filing, Feb. 2, 2004, ("Standing Order").

In issuing the Standing Order, the court certainly did not authorize the creation of local rules that would conflict with the Federal Rules of Civil Procedure. In fact, the Administrative Procedures now in effect were enacted pursuant to the Federal Rules and, thus, yield to the Federal Rules in the case of a conflict. Obviously, these Administrative Procedures are effective only to the extent they are consistent with the Federal Rules that permitted their creation. In other words, in the hierarchy of law the Federal Rules are superior to any local rule enacted pursuant to them.

The United States District Court for the Western District of Virginia has never imposed upon attorneys a set of local rules that circumvent the spirit of the Federal Rules. The court has always liberalized its interpretation of the Federal Rules of Civil

Procedure to the extent that litigants are authorized to use the court to pursue the ends of justice. Just like this court's long-standing interpretation and utilization of Rule 6(b), which allows any time period prescribed by the rules to be enlarged at the court's discretion, the court can enlarge a local rule, in a manner consistent with the Federal Rules, to prevent injustice and allow the parties to proceed on the merits. *Cf. Holley Coal*, 186 F.2d at 295.

The liberal spirit of the rules is also embodied in Rule 55(c) and Rule 60(b). Rule 55(c) allows the court to set aside a default judgment "for good cause shown," or in accordance with Rule 60(b). Rule 60(b) provides relief from judgments or orders for mistakes, inadvertence, excusable neglect, fraud, etc. Both Rule 55(c) and Rule 60(b) protect unwary defendants from inadvertent or excusable neglect by their attorneys and embody the liberal spirit of the rules, which has always been followed in the United States District Court for the Western District of Virginia. These are examples of the several instances in which the Federal Rules provide leniency for defendants. It is only reasonable that the same concept of leniency should apply to a plaintiff within the unique circumstances of this case.

Turning now to the specific Federal Rules under which the Administrative Procedures where enacted, it is clear that same liberal spirit exists within these rules and may be utilized by this court. The Administrative Procedures were enacted pursuant to the court's Standing Order, which draws its authorization, in part, from Federal Rules 5 and 83.[5] Therefore, any exceptions embodied in these rules

---

[5] It should be noted that the Standing Order authorizing the Clerk to implement Administrative Procedures does not expressly provide direction to the Clerk to enact rules

obviously must be incorporated into the Administrative Procedures.

Federal Rule of Civil Procedure 5(e) deals with court filings and provides authorization for local rules on electronic filing. The most recent amendment to Rule 5(e), which will become effective December 1, 2006, adds to the requirements for a local rule on electronic filing that "[a] local rule may require filing by electronic means only if reasonable exceptions are allowed." The current version of Rule 5(e) further states that "the clerks shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices."

The Advisory Committee Notes make it clear that the intent of Rule 5(e) is to not have clerks making decisions about whether a filing submitted in an improper form should be accepted. The Notes state that:

> "Several local district rules have directed the office of the clerk to refuse to accept for filing papers not conforming to certain requirements of form imposed by local rules or practice. This is not a suitable role for the office of the clerk, and the practice exposes litigants to the hazards of time bars; for these reasons, such rules are proscribed by this revision. The enforcement of these rules and of the local rules is a role for a judicial officer. A clerk may of course advise a party or counsel that a particular instrument is not in proper form, and may be directed to so

---

dealing with the advanced payment of fees. In fact, the Standing Order discusses filing of documents only and advanced payment of fees is never mentioned. Therefore, it is not indicated that a local rule enacted pursuant to the Standing Order should include advanced payment fees as a jurisdictional requirement. It is also not the case that the Administrative Procedures were intended to foreclose the exceptions to local rules included in the Federal Rules of Civil Procedure; this would invalidate the local rule.

inform the court."

FED. R. CIV. P. 5(e) advisory committee's note on 1991 amendment.

The Advisory Committee Notes for the 2006 amendments to Rule 5(e) also state that "[c]ourts that mandate electronic filing recognize the need to make exceptions when requiring electronic filing imposes a hardship on a party." The case before the court today is such a case. Even if Cornett's filing had actually fallen outside of the statute of limitations by one day, due to the inadvertent mistake by counsel, as was plead, this case would be a clear example of when the Federal Rules allow for a judge to exercise his or her discretion to avoid undue hardship.

The facts of this case indicate that the plaintiff's counsel, by failing to strictly adhere to the local rule, did not present his filing in the proper form. The attorney's mistake, believing that he had a credit card authorization on file to cover any filing fees, is simply a situation where a filing inadvertently arrived in an improper form. The exception in Rule 5(e) for filing in an improper form, in conjunction with the notes, intends to allow relief from minor errors that will result in an undue hardship, disproportionate to the error. Making an inadvertent mistake about the payment of a filing fee, which is corrected immediately upon learning of the mistake, is an error that is redressable by a judge.[6] This interpretation is in line with *Parissi* and the sprit

---

[6] In this sense, the case at hand is distinct from *Keith v. Heckler*, 603 F.Supp. 150 (E.D.Va. 1985). In *Keith*, the court did not act with respect to the leniency allowed within the Federal Rules or with respect to the exceptions created by the Federal Rules that would trump local rules. This is because the facts in *Keith* did not support such an application of the Federal Rules. In *Keith*, the attorney was either 17 days or 5 months late in filing, depending on which of two possible dates is considered the actual final disposition of the case starting the running of the

-12-

Case 1:05-cv-00101-GMW-PMS   Document 22   Filed 09/21/06   Page 12 of 16   Pageid#: 78

of the Federal Rules of Civil Procedure espoused in *Holley Coal*. *See Parissi*, 349 U.S. at 46-47; *Holley Coal*, 186 F.2d at 295. However, nothing in this holding should be construed to relieve a plaintiff of the obligation to pay a filing fee before the complaint will be considered by the court.

In addition to Cornett's counsel actually filing electronically, counsel also sent a copy of Cornett's complaint to the Clerk's Office by facsimile after perceiving some difficulty with the electronic filing process and after contacting the Clerk's Office. Based on the Administrative Procedures, facsimile is an acceptable alternative format for transmitting a filing if there is a problem filing electronically on the filer's end. *See* Administrative Procedures at 20. The filer is supposed to first contact the Clerk's Office for permission to file provisionally via facsimile. *See* Administrative Procedures at 20. Once filed by facsimile, the filer then may complete the filing conventionally or electronically within 48 hours. *See* Administrative Procedures at 20.

In this case, counsel contacted the clerk and filed a copy of the complaint via facsimile. It is unclear from the record if counsel received permission from the clerk to file provisionally via facsimile. However, the mere failure to complete this step

---

statutory time to file. Even under the latest possible final disposition, the attorney's tardiness was inexcusable, not accidental. The attorney in *Keith* attempted to file without paying the required fee and he was notified of his failure to pay with *five* days still remaining until the filing deadline. Instead of promptly correcting his mistake in good faith, he waited for 22 days to finally pay the fee. This situation is out of the realm of mere excusable neglect or filing in an improper form. This lengthy delay, after notification of the problem, with no legitimate excuse provided was either grossly negligent or a knowing attempt to not pay the required filing fees for federal court. Therefore, *Keith* is incompatible with the case at hand.

-13-

Case 1:05-cv-00101-GMW-PMS    Document 22    Filed 09/21/06    Page 13 of 16    Pageid#: 79

is clearly an error of failing to follow the proper filing format under a local rule that could result in undue hardship. It is apparent from the record that counsel contacted the Clerk's Office, attempted to file via facsimile and complete the filing within 48 hours by paying the required fee. Payment of the fee was the final step required for plaintiff's counsel to complete the electronic filing begun the day before.

Thus, it appears that Cornett's counsel satisfied the proper requirements, with the possible exception of receiving permission to file provisionally by facsimile. Failing to undertake this procedural step, specific to this locality's rule, is precisely what the Federal Rules had in mind when they included the exceptions in Rule 5(e). Therefore, based on Rule 5(e), it is at the judge's discretion to decide how to treat these minor, inadvertent mistakes that could potentially create an undue hardship on the plaintiff.

Additionally, the language of Rule 83(a)(2) provides another exception that is equally applicable to the Western District's Administrative Procedures in this situation. Rule 83(a)(2) states that "a local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a *nonwillful* failure to comply with the requirement." FED. R. CIV. P. 83(a)(2) (emphasis added). In this case, Cornett's counsel nonwillfully failed to pay the filing fee in the manner stipulated by local rule at the time the complaint was filed, which could result in Cornett losing his rights. This nonwillful mistake is excused under Rule 83(a)(2). Furthermore, a mere failure of counsel to precisely follow the procedural format requirements in the Administrative Procedures for filing by facsimile, is also excused under Rule 83(a)(2). Rule 83(a)(2) demands that the Administrative Procedures

should not be enforced in a manner that would effectively throw Cornett out of court.

The Federal Rules of Civil Procedure should be construed liberally in line with the Fourth Circuit's holding in *Holley Coal* and the Supreme Court's holding in *Parissi*, especially since the Federal Rules do not specify that paying a filing fee is a condition precedent to filing in federal court. It is clear that local rules cannot transcend the Federal Rules of Civil Procedure. It is also obvious that local rules enacted pursuant to Federal Rules 5 and 83 must yield to Rule 5(e) and Rule 83(a)(2). When Rules 5(e) and 83(a)(2) are read in conjunction, it is evident that the Clerk cannot refuse to accept a filing merely because it is in improper form and a local rule of form cannot be enforced in a way that denies a party's rights. Instead a judge must decide if the local rule should be put aside and if the complaint should be treated as properly filed. This court has never used a inadvertent mistake by an attorney to penalize an innocent litigant, especially a litigant who is already disadvantaged.

Furthermore, this case was properly filed within the two-year statute of limitations period under the federal rules for accrual of a § 1983 claim. Accordingly, the plaintiff's objections to the Report and Recommendation of Judge Sargent will be sustained. The above-styled suit is deemed timely filed, and the defendant's motion to dismiss will be denied. The defendant will be ordered to answer said suit within 20 days of the date of entry of the court's Order.

With regard to plaintiff's request for *in forma pauperis* status, (Docket Item No. 18), the court notes that the petition to proceed *in forma pauperis*, (Form # A.O. 240), was not filed until July 6, 2006. Judge Sargent denied the plaintiff's petition

to proceed *in forma pauperis*, (Docket Item No. 20), on the ground that it was moot because the filing fee had already been paid. However, the plaintiff does not seek retroactive status as a pauper for the filing fee already paid, but instead seeks only to proceed *in forma pauperis* as to future proceedings in this case. I have reviewed the petition and I am of the opinion that the plaintiff is entitled to proceed hence forth *in forma pauperis*.

An appropriate Order will be entered.

**DATED:** This 21st day of September, 2006.

/s/ Glen M. Williams

GLEN M. WILLIAMS
SENIOR UNITED STATES DISTRICT JUDGE