## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **EDWARD M. CORNETT,** | ) | **Civil Action No. 1:05cv00101** |
| | ) | |
| **Plaintiff,** | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| **v.** | ) | |
| | ) | |
| **SHERIFF JACK WEISENBURGER,** | ) | **By: PAMELA M. SARGENT** |
| **et al.,** | ) | **United States Magistrate** |
| | ) | **Judge** |
| **Defendants.** | ) | |

The plaintiff, Edward M. Cornett, brought this action against the defendants, Jack Weisenburger, the Sheriff of Bristol, Virginia, and six Sheriff's Department employees. These six employees, who are identified only as John Doe I, Head Jailer, John Doe II, Supervising Shift Jailer, John Doe III, Jailer, John Doe IV, Jailer, John Doe V, Jailer, John Doe VI, Jailer, worked at the Bristol City Jail, in Bristol, Virginia, during Cornett's incarceration. Along with the Sheriff, these Sheriff's Department employees are accused of violations of 42 U.S.C. § 1983 occurring on November 7, 2003. This matter is currently before the court on the Motion to Dismiss the case with respect to the John Doe defendants, (Docket Item No. 26), ("Motion"), filed on October 9, 2006, and the Plaintiff's Response in Opposition to the Defendant's Motion, (Docket Item No. 30), ("Response"), filed October 20, 2006. This court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Motion is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

-1-

## I. Procedural History

This case first came before the court on the Defendants' Motion to Dismiss, (Docket Item No. 9), ("Statute of Limitations Motion"), filed on February 6, 2006, and the plaintiff's response to the Statute of Limitations Motion, (Docket Item No. 11), ("Plaintiff's Brief"), filed February 27, 2006. By order of the Honorable Glen M. Williams, Senior United States District Judge, the matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), (Docket Item No. 10), and it was heard before the Magistrate Judge on March 24, 2006. Pursuant to the order of referral, the undersigned submitted a Report and Recommendation, (Docket Item No. 16), on June 26, 2006, recommending that the defendants' Statute of Limitations Motion be granted because of untimely filing by the plaintiff. On July 5, 2006, the plaintiff timely filed objections to the Report and Recommendation. (Docket Item No. 17). On September 21, 2006, Judge Williams reviewed the Report and Recommendation and found that Cornett's complaint was, in fact, timely filed. *See Cornett v. Weisenburger*, ___ F. Supp. 2d ___, 2006 WL 2711828 (W.D. Va. Sept. 21, 2006) (Docket Item No. 22).

Following Judge Williams's ruling, on October 9, 2006, defense counsel filed both an answer to Cornett's complaint on behalf of Weisenburger, (Docket Item No. 25), and the Motion on behalf of the six John Doe defendants. This case is now before the court on the John Doe defendants' Motion and supporting memorandum, (Docket Item No. 27), as well as the Plaintiff's Response, (Docket Item No. 30), filed October 20, 2006.

The issue the court must now address is whether Federal Rule of Civil Procedure 15(c)(3)(B) would allow the plaintiff to amend his complaint to name actual persons in the place of the fictitious John Doe defendants actually named. If Rule 15(c)(3)(B) would not allow an amendment substituting real parties to relate back to the original filing, the defendants argue that this case should be dismissed against the John Does because it would be futile for this court to render judgment against an unknown party, and no new claims can be timely brought against any new party.

## *II. Factual Background*

For the purposes of the court's consideration of the Motion, the facts as alleged in the Plaintiff's Complaint, (Docket Item No. 1), ("Complaint"), will be accepted as true. On or about November 7, 2003, the plaintiff, Edward M. Cornett, was arrested and placed in the Bristol City Jail in Bristol, Virginia. After a short time in custody, Cornett was attacked by an unknown number of unknown inmates. Cornett alleges that these inmates attacked him for no reason.

While in the Bristol City Jail, Cornett and the other inmates were in the care and custody of the defendants, Weisenburger and the six John Does. Cornett asserts that the defendants were at all times acting under the color of state law and/ or within their capacities as government employees. At the time of Cornett's attack, he alleges that the Sheriff had supervisory control over the jail. He alleges that John Doe I, the Head Jailer, was directly responsible for jail supervision at the time of his attack. Cornett also alleges that John Doe II, the Shift Supervising Jailer, was responsible for the

-3-

work shift at the jail when the attack on him occurred. Finally, Cornett alleges that John Does III, IV, V and IV were jailers on-duty at the time of his assault.

Cornett further asserts that all of the defendants had prior knowledge that his attackers were dangerous and that the defendants did not take proper action to protect Cornett from these dangerous individuals while he was in the defendants' custody. As a result of the assault, Cornett received injuries to his head, face and jaw that required medical treatment and will require future medical treatment.

## III. Analysis

A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. In considering such a motion, the court should accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff. *See De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

In order to grant a motion to dismiss, it must appear certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

When a 12(b)(6) motion deals with a civil rights complaint, the court should not

-4-

dismiss the claim unless it appears certain that the plaintiff is not entitled to relief under any legal theory which might plausibly be suggested by the facts alleged. *Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988). However, the court need not accept as true the legal conclusions set forth in a plaintiff's complaint. *See Edwards*, 178 F.3d at 244. Furthermore, mere legal conclusions couched as factual allegations need not be accepted as true. *See Assa'Ad-Faltas v. Commonwealth of Va.*, 738 F. Supp. 982, 985 (E.D.Va. 1989) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The issue before the court is whether the plaintiff, pursuant to Federal Rule of Civil Procedure 15(c)(3), may amend his complaint to name actual persons in place of the unknown John Doe defendants currently listed. If an amendment would not relate back to the original complaint under Rule 15(c)(3), the charges against the John Doe defendants should be dismissed because they would constitute new charges upon which the statute of limitations has expired.

There is no federal statute of limitations period for an action brought under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261, 266 (1985). Instead, the statute of limitations period is taken from the applicable state law statute of limitations for personal injury in the state where the alleged wrong occurred. *See Owens v. Okure*, 488 U.S. 235, 239–40 (1989). The alleged attack on Cornett occurred in Bristol, Virginia. Thus, Virginia's two-year statute of limitations period for personal injury claims is applicable. *See* VA. CODE ANN. § 8.01-243 (2000 Repl. Vol.).

Cornett's alleged attack occurred on November 7, 2003, and his complaint was

-5-

timely filed on the last possible day he could file under the applicable two-year statute of limitations period. If an amendment were made to this Complaint that did not relate back to the original filing it would be time-barred. Furthermore, because the statute of limitations period has expired, no new charges under 42 U.S.C § 1983 stemming from the November 7, 2003, alleged assault can be brought. Therefore, pursuant to Federal Rule of Civil Procedure 12(b)(6), any new claims or amendments that did not relate back to the November 8, 2005, filing would fail to state a claim upon which relief may be granted.

In support of his assertion that the Motion should not be granted, Cornett asserts that he has sufficiently named the John Doe defendants in his complaint to provide them notice that, but for his mistake over their identity, they would have been properly named as parties. (Response at 2–3.) Thus, Cornett is asserting that his failure to provide the names of the John Doe defendants in his Complaint was merely a mistake correctable under Rule 15(c).[1] (Response at 3.)

Federal Rule of Civil Procedure 15(c) governs relation back of amendments and provides in relevant part:

> An amendment of a pleading relates back to the date of the original pleading when . . .
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against

---

[1] Cornett has not clearly raised the argument that Virginia law permits relation-back in this case pursuant to Rule 15(c)(1); therefore, that issue is deemed waived. *See Locklear v. Bergman & Beving AB*, 457 F.3d 363, 365 n.2 (4th Cir. 2006) (citing *Carter v. Lee*, 283 F.3d 240, 252 n.11 (4th Cir. 2002)).

Case 1:05-cv-00101-GMW-PMS   Document 32   Filed 01/10/07   Page 6 of 13   Pageid#: 112

whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

It is not contested that any amendment to Cornett's Complaint would relate to the same transaction set forth in the original Complaint. Instead, the focus in this case is on whether the elements of Rule 15(c)(3) have been met. Under this section, for Cornett to be able to amend his Complaint to add the names of the Sheriff's Department employees in place of the fictitious John Doe defendants currently named, he must prove notice and mistake with respect to these defendants within the time period provided by Rule 4(m).[2] Cornett's Response asserts that his Complaint provides sufficient notice, and that his failure to provide the names of the defendants is merely a mistake under Rule 15(c) that he can correct by amending his Complaint at a later date. I reject Cornett's argument, and I find that Cornett cannot establish "mistake" under Rule 15(c)(3) as a matter of law. Because the plaintiff cannot establish "mistake," there is no need to address whether any potential new parties would have either actual or informal notice. *See Bruce v. Smith*, 581 F. Supp. 902, 906 (W.D. Va. 1984) (citing *Wood v. Worachek*, 681 F.2d 1225, 1230 (7th Cir. 1980)).

---

[2] Federal Rule of Civil Procedure 4(m) provides that a plaintiff must serve a copy of the summons and complaint upon a defendant within 120 days of filing the complaint to avoid dismissal of the action by the court. In this case, timeliness of the service under Rule 4(m) has not been challenged.

The "mistake" requirement of Rule 15(c)(3) has been interpreted by the Fourth Circuit on two occasions. The first discussion of the issue occurred in *W. Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196 (4th Cir. 1989). In *Bechtel*, the court adopted the Seventh Circuit's interpretations of Rule 15(c). In so doing, the Fourth Circuit stated that then Rule 15(c)(2)[3] allowed relation back only when there was an error about the identity of a proper party and the party who was mistakenly identified was "chargeable with knowledge of the mistake." *Bechtel*, 885 F.2d at 1201 (quoting *Wood*, 618 F.2d at 1230 (citation omitted)). However, relation back is not allowed where, as was the case in *Bechtel*, there was a "lack of knowledge of the proper party." *Bechtel*, 885 F.2d at 1201 (quoting *Wood*, 628 F.2d at 1230).

Since *Bechtel* was decided, Rule 15(c) was amended in 1991. *See* FED. R. CIV. P. 15(c)(3) advisory committee's notes; *Locklear*, 457 F.3d at 366–67; *Worthington v. Wilson*, 8 F.3d 1253, 1255-56 (7th Cir. 1993). However, this amendment was not intended to, and did not, alter the Fourth Circuit's interpretation of "mistake" under Rule 15(c). *See* FED. R. CIV. P. 15(c)(3) advisory committee's note, 1991 amendment; *Locklear*, 457 F.3d at 366. Therefore, as was noted by the court in *Locklear*, the Fourth Circuit's interpretation of "mistake" in Rule 15(c)(3) in *Bechtel* is still controlling. *See Locklear*, 457 F.3d at 366.

Rule 15(c)(3) distinguishes between mistake from a lack of knowledge and mistake due to a misnomer. *See Locklear*, 457 F.3d at 366; *Bechtel*, 885 F.2d at 1201. The Fourth Circuit has firmly held that lack of knowledge of the proper party to be

---

[3] Federal Rule of Civil Procedure 15(c)(2) was renumbered 15(c)(3) in 1991. *See* FED. R. CIV. P. 15(c)(3) advisory committee's notes; *Locklear*, 457 F.3d at 366 n.3.

sued is not a "mistake" as the term "mistake" is used in Rule 15(c)(3)(B). *See Locklear*, 457 F.3d at 366. Instead, "mistake" as described in Rule 15(c)(3)(B) refers to misnomer, misidentification or a "mere slip of the pen." *Locklear*, 457 F.3d at 366 (quoting *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997)). "[A] mistake does not relate back, 'where as here, there is a lack of knowledge of the proper party.'" *Locklear*, 457 F.3d at 366 (quoting *Wilson v. U.S.*, 23 F.3d 559, 563 (1st Cir. 1994)) (citation omitted).

In this case, Cornett has not alleged such a mistake. Cornett states that he named the defendants as precisely as possible, referring to them as John Doe I through VI along with their job titles. (Response at 2.) However, his Response specifically admits that "the actual names of the defendants were unknown to Cornett." (Response at 3.) Therefore, by Cornett's own admission, he lacked the necessary knowledge of the defendants' identities. Just as was the case in *Locklear*, the plaintiff's own admissions indicate that he did not, in fact, make a "mistake" that would allow relation back under Rule 15(c)(3)(B). *See Locklear*, 457 F.3d at 366–67. Instead, Cornett has admitted that he had a lack of knowledge, which does not allow for amendment under Rule 15(c)(3).

This result is applicable to cases filed against unknown John Doe defendants within a Sheriff's Department. With respect to John Doe defendants, the Fourth Circuit has held that allowing a plaintiff to file a timely complaint against an unknown John Doe defendant and then allowing him to add the correct defendant after the statute of limitations had expired would "circumvent the weight of federal case law holding that the substitution of named parties for 'John Doe' defendants does not

constitute mistake pursuant to Rule 15(c)(3)." *Locklear*, 457 F.3d at 367 (citing *Wayne v. Jarvis*, 197 F.3d 1098, 1103–04 (11th Cir. 1999); *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 1366 (2nd Cir. 1996); *Wilson*, 23 F.3d at 563)). *See also Bruce*, 581 F.Supp. at 905-06. Additionally, in *Bechtel*, the Fourth Circuit adopted the rationale of the Seventh Circuit's decision in *Wood*, 618 F.2d at 1230, which interpreted "mistake" under then Rule 15(c)(2) in a situation similar to the case at hand. *See Bechtel*, 885 F.2d at 1201.

In *Wood*, the plaintiff alleged he was assaulted by unknown police officers, which were designated in his complaint as "John Doe" and "Richard Roe." 618 F.2d at 1228. In this case, the Seventh Circuit held that the plaintiff could not amend his complaint to add actual parties for the fictitious parties originally named in the complaint because this would not constitute "mistake" under then Rule 15(c)(2). *See Wood*, 618 F.2d at 1230. The Seventh Circuit found that it was irrelevant whether or not the alleged actual parties had actual or informal notice that the actions would have been brought against them because the plaintiff's problem was a lack of knowledge, not a "mistake" under Rule 15(c). *See Wood*, 618 F.2d at 1230.

Furthermore, the Western District of Virginia also has addressed the issue of "mistake" with respect to "John Doe" Sheriff's Department employees in the *Bruce* case, which is factually similar to Cornett's case. In *Bruce*, Judge Kiser held that "[n]aming unknown, fictitious, or 'John Doe' defendants in a complaint does not toll the statute of limitations until . . . the names of these parties can be secured. Instead

-10-

it amounts to a change of parties under Fed. R. Civ. P. 15(c)." 581 F. Supp. at 905 (citing *Britt v. Arvanitis*, 590 F.2d 57, 60–61 (3rd Cir. 1978); *Sassi v. Breier*, 76 F.R.D. 487, 489 (E.D. Wisc. 1977), *aff'd*, 584 F.2d 234, 235 (7th Cir. 1978); *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 174 (3rd Cir. 1977); *Craig v. U.S.*, 413 F.2d 854 (9th Cir. 1969), *cert. denied*, 396 U.S. 987 (1969)).

Additionally, allowing Cornett's argument to succeed would "erode the distinction between misidentification and lack of knowledge which [the Fourth Circuit has] held to be inherent in the meaning of Rule 15(c)(3)(B)." *Locklear*, 457 F.3d at 367 (citing *Bechtel*, 885 F.2d at 1201). Therefore, it is well-settled from the applicable Fourth Circuit and Western District case law, that Cornett should not be permitted to amend his complaint to remove the John Doe defendants and substitute real parties, because his lack of knowledge of the proper defendants is not considered "mistake" under Rule 15(c)(3). *See Locklear*, 457 F.3d at 366-67. As a result, Cornett's claims against John Does I through VI should be dismissed.

## IV. Proposed Findings of Fact
## and Conclusions of Law

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations.

1.  Cornett's complaint names six unknown John Doe defendants from the Bristol, Virginia, Sheriff's Department;
2.  The alleged assault, which is the basis of Cornett's § 1983 claim occurred on November 7, 2003;
3.  Cornett's complaint was filed on the last day of the applicable two-year statute of limitations;

-11-

4. Pursuant to Federal Rule of Civil Procedure 15(c)(3), a plaintiff may amend his complaint to include the actual parties in place of "John Doe" defendants, after the statute of limitations has expired for the underlying conduct, only if the plaintiff can demonstrate notice and mistake;

5. Lack of knowledge of a defendant's identity does not constitute "mistake" under Rule 15(c)(3);

6. Plaintiff had a lack of knowledge of the John Doe defendants' identities, which is not a "mistake" that would allow an amendment to relate back to the original complaint under Rule 15(c);

7. Because the plaintiff cannot establish "mistake," it is irrelevant whether the actual defendants had notice;

8. The plaintiff cannot establish the necessary "mistake" requirement, which would allow an amendment substituting the real defendants to relate back to the original complaint pursuant to Rule 15(c)(3)(B);

9. Since the plaintiff cannot now amend his complaint to add the real defendants, the pursuit of the plaintiff's claims against unknown defendants would be futile;

10. Therefore, the plaintiff's complaint fails to state a claim upon which relief can be granted, and his claims against the John Doe defendants should be dismissed.

## *V. Recommended Disposition*

Based on the above stated reasons, I recommend that the court grant the Motion, (Docket Item No. 26), and dismiss the plaintiff's claims against the six John Doe defendants under 42 U.S.C. § 1983 pursuant to Federal Rule of Civil Procedure 12(b)(6).

## *VI. Notice To Parties*

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636 (b)(1)(C):

-12-

Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the Honorable Glen M. Williams, Senior United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record.

**DATED:** This 10th day of January, 2007.

/s/ *Pamela Meade Sargent*

UNITED STATES MAGISTRATE JUDGE

-13-